SHANNON LISS-RIORDAN, ESQ. *will comply w/ LR IA 11-2 w/i 14 days*
ADELAIDE PAGANO, ESQ. *will comply w/ LR IA 11-2 w/i 14 days*
LICHTEN & LISS-RIORDAN, PC
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
sliss@llrlaw.com
apagano@llrlaw.com

Kristina Hillman, Nevada Bar No. 7752
Sean W. McDonald, Nevada Bar No. 12817
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3199 E. Warm Springs Rd, Ste 400
Las Vegas, NV 89120
Telephone:  (702) 508-9282
Facsimile: (510) 337-1023
nevadacourtnotices@unioncounsel.net
khillman@unioncounsel.net
smcdonald@unioncounsel.net

*Attorneys for Plaintiff Diavion De Niro*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIAVION DE NIRO, individually, and on behalf of similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARISE VIRTUAL SOLUTIONS, INC.,<br><br>　　　　　Defendant | CASE NO.:<br><br>COLLECTIVE ACTION COMPLAINT |

## I. **INTRODUCTION**

1.  　　This is a collective action brought on behalf of "Customer Support Professionals" ("CSPs") who have worked for Arise Virtual Solutions, Inc. ("Arise"), challenging Arise's misclassification of them as independent contractors and corresponding violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* As described further below, Arise has

-1-
CLASS AND COLLECTIVE ACTION COMPLAINT

misclassified these workers (who perform call center services in their homes) as "Independent Business Owners" or agents of "Independent Business Owners," when in reality, under federal law, they are employees of Arise. By misclassifying them as independent contractors, Arise has avoided paying them minimum wage for all time worked (including training time) and has required them to pay for their training, as well as for various expenses needed to perform their work, which should have been borne by the employer. These payments that the CSPs have been required to make have brought their pay further below the minimum wage.

2. Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees across the country who have been misclassified by Arise and who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks restitution of all wages of which she and these similarly situated individuals were deprived, including the cost of equipment and training, which they were required to purchase as a condition of employment, payment for their training time, and all other relief to which they may be entitled.

## II.     PARTIES

3. Plaintiff Diavion De Niro is an adult resident of Las Vegas, Nevada. From approximately December 2020 through approximately April 2022, Ms. De Niro was employed by Arise as a CSP. Ms. De Niro worked for Arise out of her home performing call center services and was closely supervised by Arise agents. Ms. De Niro was not compensated for time spent in training courses and performing necessary coursework for those training courses. Further, as a condition of employment, Ms. De Niro was required to purchase equipment and pay for training courses. In part as a result of these and other required payments, her wages did not meet minimum wage requirements set forth under the FLSA. Ms. De Niro's consent to pursue her claims under the FLSA is attached hereto as **Exhibit 1**.

4. Plaintiff brings this action on behalf of all similarly situated employees who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

5. Defendant Arise Virtual Solutions, Inc. is a Delaware corporation with its principal place of business located at 3450 Lakeside Drive, 6th Floor, Miramar, Florida 33027. From its

headquarters in Florida, Arise employs customer service agents, who it terms CSPs, who work out of their homes throughout the United States.

### III. JURISDICITON AND VENUE

6. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has brought a claim pursuant to the federal FLSA, 29 U.S.C. § 201 *et seq*.

7. The United States District Court for the District of Nevada is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff worked for Defendant from Las Vegas, Nevada, throughout the relevant time period.

### IV. STATEMENT OF FACTS

8. Plaintiff has worked as a customer support agent employed by Arise, which calls its customer support agents CSPs.

9. Each Arise CSP is assigned to assist the customers of a specific Arise client by telephone. Those clients include companies such as Comcast, TurboTax, Princess Cruise Lines, Disney, Peloton, Agero, and AirBnB.

10. Arise CSPs work out of home offices and assist the customers of their assigned client by telephone. Additionally, some CSPs supervise other CSPs' customer service calls.

11. Arise CSPs perform core work that is necessary to Arise's business, namely providing customer service support for businesses from remote locations by telephone and through electronic means.

12. Arise CSPs are supervised closely by Arise agents. They are instructed in the details of their job performance and are monitored and reviewed frequently.

13. By virtue of the extensive control Arise exerts over them, and the nature of their relationship with Arise, the CSPs are not independent business operators, or agents of independent business operators, as Arise has classified them, but rather, the customer support agents that perform work on behalf of Arise are employees of Arise.

14. As a precondition of employment, Arise requires that its CSPs participate in training courses. The required courses train CSPs on Arise customer service standards and practices. CSPs are not compensated for the time spent in the training course.

15. Subsequent required training courses that are specific to the Arise customer being serviced may last much longer—in some cases up to several months—and require more time, such as four hours of class time per day, five days a week.

16. As part of the subsequent courses, Arise CSPs are also assigned required daily homework tasks that take up to three to four hours to complete.

17. Arise requires customer support agents to pay fees up to $299 for these customer specific required training courses.

18. CSPs are generally not compensated for the time spent in these training courses.

19. Additionally, as a precondition of employment, Arise CSPs are required to purchase certain equipment for their home office, including high speed internet, a computer that meets certain operating requirements, a dedicated landline, and a headset and an answering device.

20. These required purchases can cost CSPs hundreds of dollars and, in some cases, more than one thousand dollars.

21. The cost of the required equipment and training courses drive CSPs' pay below the federal minimum wage.

22. Arise also requires its CSPs to participate in continued training courses for which they are uncompensated after they have completed their initial training and begin work as a customer support agent.

23. Arise deducts a service fee from CSPs' pay.

24. As a result of uncompensated training time, being required to pay for training and equipment, deductions taken from CSPs' paychecks, and their generally low rate of pay, Arise CSPs have received an hourly rate that is less than the federal minimum wage. For example, during the first several weeks when she started with Arise, which Ms. De Niro believes was in December 2020, Plaintiff spent many hours working but did not receive any pay.

## V. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a collective of all individuals who worked as CSPs at Arise at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage as required by the Fair Labor Standards Act.

26. Plaintiff attaches as Exhibit 1 her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

27. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206–207.

28. Defendants' annual gross volume of sales made or business done exceeds $500,000.

## COUNT I

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

29. Arise's conduct in failing to pay its employees the federal minimum wage for all hours worked, including but not limited to unpaid training time, as well as requiring its CSPs to pay for their training, equipment, and other expenses or deductions from their pay (all of which contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. §201, *et seq*. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt-in" to this case, pursuant to 29 U.S.C. §216(b).

30. The failure of Defendant to compensate Plaintiff De Niro and the members of the class at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendant knew or should have known that its CSPs were misclassified as independent contractors in view of the numerous decisionmakers, including arbitrators and government agencies, that have found that Arise misclassifies its CSPs and has violated the FLSA as a result.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this court enter the following relief:

1. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

2. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all Arise CSPs who have performed services for Arise within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

3. Declare and find that Arise violated the FLSA by misclassifying and failing to pay minimum wage to Plaintiff and similarly situated employees who opt-in to this action;

4. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA;

5. Award liquidated damages in an amount equal to the amount of unpaid compensation found due under the FLSA;

6. Award attorneys' fees and costs; and

7. Award any other relief to which the plaintiff and class members may be entitled.

Dated: April 10, 2024           Respectfully submitted,

DIAVION DE NIRO individually and
on behalf of all others similarly situated,

By their attorneys,

/s/ Sean W. McDonald
Kristina Hillman, Nevada Bar No. 7752
Sean W. McDonald, Nevada Bar No. 12817
WEINBERG, ROGER & ROSENFELD
3199 E. Warm Springs Rd, Ste 400
Las Vegas, NV 89120
P: (702) 508-9282
F: (510) 337-1023
nevadacourtnotices@unioncounsel.net
khillman@unioncounsel.net
smcdonald@unioncounsel.net

Shannon Liss-Riordan, *will comply w/ LR IA 11-2 w/i 14 days*
Adelaide Pagano, *will comply w/ LR IA 11-2 w/i 14 days*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
apagano@llrlaw.com