UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIAVION DE NIRO, individually, and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ARISE VIRTUAL SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:24-cv-00695-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Renewed Motion to Defer and/or Extend Time to File its Response to Plaintiff's Motion for Conditional Certification. ECF No. 32. The Court considered the Motion, the Opposition (ECF No. 33), and the Reply (ECF No. 34).

Before discussing the merits of the more substantive arguments made, the Court finds Defendant sought and timely responded to the Court's Order requiring a meet and confer regarding the extension of time Defendant seeks in its Renewed Motion. That Order belies the notion that the Court intended to create a scenario in which Defendant had to respond to Plaintiff's Motion for Conditional Certification at the same time it sought an extension of time to respond to the Motion. Further, the Court finds the stipulation granting Defendant through May 2, 2024 within which to respond to Plaintiff's Motion for Conditional Certification did not, under any rule or the stipulation itself, foreclose Defendant's right to seek a further extension.

The Court moves on to the merits and considers whether a motion seeking conditional certification of a Fair Labor Standards Act ("FLSA") collective action should be decided before the Court decides whether any collective action member is subject to mandatory arbitration. Plaintiff cites numerous decisions from district courts in the Ninth Circuit in support of its position that the "dominant approach" in this Circuit is to treat the arbitrability of a plaintiff's claim as a merit based argument properly addressed in the second stage of an FLSA collective action.[1]

---

[1] The second stage of an FLSA collective action is often referred to as the merits stage, which follows the approval of conditional certification and the opt-in period provided to putative collective action members who receive notice and opt-in instructions.

1

In *Costa v. Apple, Inc.*, the U.S. District Court for the Northern District of California recognized "the Ninth Circuit has not addressed whether arbitration agreements should be considered at the notice stage in FLSA actions." Case No. 23-cv-02353-WHO, 2023 WL 8101980, at *5 (N.D. Cal. Nov. 21, 2023). The court also stated "the mere possibility of mandatory arbitration should not prevent the conditional certification of a collective action." *Id*. (internal citation omitted). Of course, what is distinct about the *Costa* matter is that only four of the 22 to 25 opt-in plaintiffs signed arbitration agreements. *Id*. Thus, it appears there was no dispute that the vast majority of those who would receive a notice to opt-in following conditional certification would not be subject to dismissal based on a binding and enforceable arbitration agreement. Ultimately, the court found there was "no reason to delay notice to potential opt-in class members while the statute of limitations clock is ticking." *Id*. at 7. The court did not determine there was never a circumstance in which a decision on conditional certification should be delayed until a ruling on whether a named plaintiff is or putative plaintiffs in an FLSA collective action are subject to mandatory arbitration and, therefore, not proper putative collective action members.

In *Harrignton v. Cracker Barrel Old Country Store Inc*., Case No. CV-21-00940-PHX-DJH, 2024 WL 342440, at *7 (D. Ariz. Jan 23, 2024), the court recognized "district courts have taken varying approaches when handling arbitration issues in FLSA collective actions." In *Harrignton*, the court was deciding "remaining disputes over which potential opt-in plaintiffs are subject to arbitration." *Id*. The court stated "Cracker Barrel invoke[d] a number of out-of-circuit authorities and persuasive, in-circuit authorities to argue to a contrary approach, [but] Cracker Barrel … [did] not point … to any binding authority that precludes the [c]ourt from addressing arbitrability issues at the second stage of certification." *Id*. Again, this decision does not establish that arbitrability must or even should wait until after conditional certification is decided. Rather, *Harrington* makes clear that whether to defer such decision is up to the court that is presented with both a motion for conditional certification and a challenge to conditional certification based on arbitrability.[2]

---

[2] The Court recognizes these are just two of many cases Plaintiff cites. They are, however, the most recent cases neither of which compels the Court to act in any particular manner.

The Court exercises its considerable discretion to manage and control its docket taking into account (1) the efficiency of sending post-conditional certification opt-in notices to individuals who potentially cannot participate in this collective action and, (2) the possible prejudice to putative collective action members whose opportunity to opt-in could be lost if the decision resolving conditional certification is delayed.  There is little doubt that the potentially enforceable arbitration agreement, which may impact some if not many potential collective action members, will be raised by Defendants in response to Plaintiff's Motion for Conditional Certification.  It is also reasonable to anticipate the Court will at least consider the issues of arbitrability when issuing its conditional certification decision.  This does not suggest the issues will be decided at the same time.  The Court could grant conditional certification leaving arbitrability to be decided after all potential plaintiffs are given an opportunity to opt-in.  The Court could decide the arbitration agreement is enforceable, grant conditional certification, but allow opt-in notices to be sent only to those who did not sign an arbitration agreement.  Or, the Court could deny conditional certification because of the existence of an enforceable arbitration agreement that defeats a collective action.  What is not logical is that arbitrability must be decided before conditional certification or that the existence of arbitration agreements will be ignored during consideration of conditional certification.  In toto, the Court finds no basis for entering an order that effectively stays Plaintiff's Motion for Conditional Certification pending the outcome of Defendant's Motion to Compel Arbitration.

Accordingly, IT IS HEREBY ORDERED that Defendant's Renewed Motion to Defer and/or Extend Time to File its Response to Plaintiff's Motion for Conditional Certification (ECF No. 32) is GRANTED only to the extent that the due date for Defendant's Response to Plaintiff's Motion for Conditional Certification is extended to **May 31, 2024**.

IT IS FURTHER ORDERED that Plaintiff's Reply in Support of its Motion for Conditional Certification is due **June 14, 2024**.

IT IS FURTHER ORDERED that if Defendant has not already done so it must immediately ensure all contact information and records pertaining to putative collective active members are retained such that they will be available to Plaintiff should conditional certification be granted.

DATED this 10th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE