UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIAVION DE NIRO, individually, and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ARISE VIRTUAL SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:24-cv-00695-APG-EJY<br><br>**ORDER** |

      Pending before the Court is the Joint Submission Re: Proposed Discovery Plan and Scheduling Order or, in the Alternative, for a Case Management Conference. ECF No. 58. In the Submission, Plaintiff sets out due dates and deadlines applicable to discovery and motion practice; however, despite the fact that this matter is captioned as a collective action, Plaintiff does not include a final certification motion deadline. Defendant opposes discovery because it filed a Motion to Compel Arbitration and Stay Proceedings. Defendant also argues that until its Motion and Plaintiff's Motion for Conditional Certification are ruled upon, discovery should not proceed. Defendant does not address the standard for a stay of discovery, but does point out that the scope of discovery will be greatly impacted and may be moot if Plaintiff's claims are subject to arbitration or conditional certification is denied.

      A dispositive motion does not generally warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at \*3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the "heavy burden of making a strong showing" why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (internal

quotation marks omitted). When deciding whether to issue a stay, the Court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Moreover, even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

The Court took a preliminary peek at the Motion to Compel Arbitration, The Court is not convinced that it will be dispositive of this action. Accordingly, the Court finds at least some discovery is appropriately conducted while a decision on that Motion is pending.

Based on the foregoing, IT IS HEREBY ORDERED that the parties **must**, if they have not already done so, and no later than **August 2, 2024**, exchange initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure. For Defendant this means documents relevant and proportional to Plaintiff's individual claims.

IT IS FURTHER ORDERED that while the parties wait for a decision on the pending Motions for Conditional Certification and to Compel Arbitration:

- Plaintiff may propound 10 interrogatories and 10 document requests on Defendant as they pertains to his/her individual claims; and
- Defendant may propound 10 interrogatories and 10 document request on Plaintiff as they pertain to Plaintiff's individual claims.

This discovery is not inconsistent with discovery that may be done if this matter proceeds on Plaintiff's individual claim through arbitration.

IT IS FURTHER ORDERED that if this matter remains in federal court and proceeds as a collective action, the parties **must** submit a revised discovery plan and scheduling order that addresses remaining discovery as it pertains to Plaintiff individually as well as discovery to be conducted in the collective action. The plan and order **must** be submitted no later than **fourteen (14) days after** the latter of the Motion to Compel Arbitration and Motion for Conditional Certification is decided by the Court.

1   IT IS FURTHER ORDERED that the Joint Submission Re: Proposed Discovery Plan and Scheduling Order or, in the Alternative, for a Case Management Conference (ECF No. 58) is DENIED as moot.

DATED this 19th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE